UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DARIEN DWAYNE LESTER, ET AL. | CIVIL ACTION NO. 22-1428 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| WELLS FARGO BANK NA, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss. See Record Document 4. Wells Fargo seeks dismissal on the grounds of *res judicata* or, alternatively, failure to state a claim upon which relief can be granted. See id. Pro se Plaintiffs Darien Lester and JoAnna Lester ("the Lesters") opposed the motion. See Record Document 26. Wells Fargo replied. See Record Document 31. For the reasons set forth below, the Motion to Dismiss is **GRANTED** and all claims against Wells Fargo are **DISMISSED WITH PREJUDICE**.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.    Lester I**

In 2015, Plaintiff JoAnna Lester filed a Complaint in this Court against Wells Fargo, U.S. Bank, N.A., and Jeremy Harris ("Lester I"). See Civil Action No. 5:15-cv-02439-SMH-MLH. In Lester I, JoAnna Lester brought claims against Wells Fargo arising from two mortgage loans that Wells Fargo extended to her in April 2007. JoAnna Lester was the only signatory to both notes and mortgages. Darien Lester was not a party to either loan. Lester I asserted claims relating to JoAnna Lester's attempts to modify the loans and/or obtain other loan assistance to avoid foreclosure and Wells Fargo's alleged collection efforts on the loans. Lester I involved numerous claims, including unfair and

deceptive trade practices, violation of the Racketeer Influenced and Corrupt Organizations Act, breach of contract, fraud, intentional infliction of emotional distress, violation of La. C.C. Art. 2315-2323, discrimination based on race, and violation of the Telephone Consumer Protection Act ("TCPA").  An Amended Complaint in Lester I added several new individual defendants, and added additional claims, including for violations of the Truth in Lending Act, the Dodd Frank Act, and various violations of the federal criminal code.  With respect to the TCPA claim, the Amended Complaint alleged that Wells Fargo began a harassment campaign against JoAnna Lester when her loan was in default by calling her cell phone 6-10 times per day from an automated phone and relentlessly informing her that the mortgage note was in arrears.

On March 27, 2017, this Court dismissed all claims with prejudice except JoAnna Lester's TCPA claims.  Wells Fargo and JoAnna Lester filed cross-motions for summary judgment on the TCPA claim.  The Court granted Wells Fargo's motion for summary judgment and denied Lester's Cross-Motion for summary judgment.  JoAnna Lester appealed the Court's ruling. On appeal, the Fifth Circuit reversed the grant of summary judgment in favor of Wells Fargo and affirmed the denial of JoAnna Lester's Cross-Motion for Summary Judgment.

On remand, Lester I proceeded to a bench trial on the TCPA claim on May 10, 2021. The Court entered judgment in favor of Wells Fargo.  The Court's final judgment states, "All of Plaintiff's claims against Defendant [Wells Fargo Bank, NA] are hereby DISMISSED WITH PREJUDICE."  See Record Document 150 in Civil Action No. 5:15-cv-02439-SMH-MLH.

On June 1, 2021, JoAnna Lester appealed the Court's judgment.  See Record Document 146 in Civil Action No. 5:15-cv-02439-SMH-MLH.  On December 7, 2021, the Fifth Circuit Court of Appeals dismissed the appeal in Lester I.  See Record Document 156 in Civil Action No. 5:15-cv-02439-SMH-MLH.

II.     **Lester II**

On July 22, 2021, on the heels of Lester I's dismissal, and while Lester I was still on appeal, the Lesters sued Wells Fargo for the second time.  In that lawsuit ("Lester II"), they asserted various claims against Wells Fargo, its in-house counsel, and its trial attorneys from Lester I.  See Civil Action No. 5:21-cv-2175-SMH-MLH.  Among other things, Lester II alleges that Wells Fargo placed harassing phone calls to JoAnna Lester from its automated system between 2008 and 2015, causing JoAnna Lester's phone to ring several time a day, 7 days a week for months at a time for over 2,000 times.  Wells Fargo moved to dismiss the Complaint in its entirety on grounds of *res judicata* and failure to state a claim.  Such motion was granted by the Court on September 30, 2022 and the case was closed.  See Record Documents 68-69 in Civil Action No. 5:21-cv-2175-SMH-MLH.  The Lesters appealed and, on November 9, 2022, the Fifth Circuit dismissed the appeal.  See Record Documents 74, 79 in Civil Action No. 5:21-cv-2175-SMH-MLH.

III.    **Instant Lawsuit/Lester III**

On March 14, 2022, the Lesters initiated this action ("Lester III") against Wells Fargo in state court, asserting again Wells Fargo placed harassing phone calls to JoAnna Lester's cell phone.  See Record Document 1-1 at ¶¶ 5, 10-11.  The Lesters allege that Wells Fargo's phone calls breached a contract with JoAnna Lester. Specifically, they contend that, between 2008 and 2011, Wells Fargo used an automated dialing system to

call JoAnna Lester "constantly and relentless[ly]" to inform her that her mortgage note was in arrears. Id. at ¶ 5. JoAnna Lester then filed bankruptcy to avoid foreclosure, but dismissed her bankruptcy case in order to be able to communicate with Wells Fargo regarding a loan modification. See id. at ¶¶ 6-7.

The Lesters submit that a Home Preservation Specialist at Wells Fargo provided JoAnna Lester a "contract proposal giving Plaintiff the option to choose how Plaintiff wanted to be contacted by Defendant." Id. at ¶ 8 & Ex. 1 to Complaint. This purported "contract" is a letter, dated August 1, 2012 ("the letter"), which gives JoAnna Lester the option to decline to be called by Wells Fargo's automated dialing systems. Id. Joana Lester "availed herself of [this option] by not checking the fourth line that gives Defendant the option to call Plaintiff on Plaintiff's cell phone using Defendant's 'automated dialing systems.'" Id. at ¶ 8.

The Lesters allege that "[a]fter August 8, 2012, Defendant breached the Contract between Plaintiff JoAnna Lester and Defendant 1,491 times between January 4, 2013 and August 3, 2015 by initiating calls to Plaintiff JoAnna Lester's cell phone using Defendant's automated dialing systems." Id. at ¶ 11. The Lesters further allege that JoAnna Lester "held up her end of the contract by responding to and calling Defendant about the mortgage note and making payments and or payment arrangements and other business associated with the mortgage." Id. at ¶ 12. They argue that, when Wells Fargo entered into the contract with JoAnna Lester, Wells Fargo was using an "Automated Telephone Dialing System that was in violation of the Telephone Consumer Protection Act (TCPA) of 1991 if Defendant did not have prior express consent," and that "according to the contract between Defendant and Plaintiff JoAnna Lester, Defendant did not have

the prior express consent necessary. . ." Id. at ¶ 13.  The Lesters submit that, "[a]ccording to the TCPA, Defendant's willful act exposed Defendant to the $1,500 per call damage amount of $1,500/call x 1,491 calls initiated, totaling $2,236,500."  Id. at ¶ 14.

The Lesters assert that Wells Fargo's breach of contract caused JoAnna Lester "emotional distress, pain and suffering, severe mental anguish, physical pain and suffering, physical medical problems, loss of love and affection and loss of consortium" and caused Darien Lester "damages for loss of love and affection, loss of consortium and mental anguish from witnessing the effect the calls from the breach of contract had on Plaintiff JoAnna Lester."  Id. at ¶¶ 16-17.  Darien Lester seeks monetary damages for loss of love and affection, loss of consortium, and mental anguish.  See id. at 5.  JoAnna Lester seeks damages for "mental and physical injuries suffered as a result of actions for Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, loss of love and affection and loss of consortium."  Id.  JoAnna Lester also seeks monetary damages of $2,336,500 for breach of contract.  See id.

Wells Fargo has now moved to dismiss all of the Lesters' claims in Lester III on the grounds of *res judicata* or, alternatively, failure to state a claim upon which relief can be granted.  See Record Document 4.

## LAW AND ANALYSIS

**I.    *Res Judicata***

"Claim preclusion, or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."  Petro-Hunt, L.L.C. v. United States, 365 F.3d 385, 395 (5th Cir. 2004).  Thus, the Court will address Wells Fargo's *res judicata*

argument first.  See Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005); Crear v. JPMorgan Chase Bank, N.A., 491 F. Supp. 3d 207, 213 (N.D. Tex. 2020).

A claim is precluded when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions."  Test Masters Educ. Servs., Inc., 428 F.3d at 571.  The "transactional test," which is employed by the Fifth Circuit, is used to determine whether two actions involve the same claim or cause of action.  Id.  Pursuant to this test, "a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or part of the transaction, or series of connected transactions, out of which the [original] action arose.'"  Davis v. Dall. Area Rapid Transit, 383 F.3d 309, 313 (5th Cir. 2004).  The facts making up a transaction are "determined pragmatically"; however, the critical issue is "whether the two actions are based on the same nucleus of operative facts."  Id.[1]

**II.   Analysis**

The Lesters submit a myriad of arguments in response to a *res judicata* dismissal, including that their previous lawsuits (Lester I and Lester II) were wrongfully dismissed by biased judges; there was fraud upon the Court; the judges destroyed jurisdiction with their biased decisions; there was no court of competent jurisdiction; there was lack of privity; it was irrelevant that Lester I ended in a final judgment on the merits; and it was irrelevant that both lawsuits involved the same claims.  See Record Document 26 at 2-3.  The Court

---

[1] The Court has decided the instant motion on the grounds of *res judicata*.  Thus, there is no need to further discuss the legal standard applicable to a dismissal on the ground of failure to state a claim upon which relief can be granted.

finds these arguments to be conclusory and meritless. Nonetheless, it will analyze each element of the transactional test.

The first element of *res judicata* requires the parties to be identical or in privity. See Hous. Pro. Towing Ass'n v. City of Hous., 812 F.3d 443, 447 (5th Cir. 2016). Here, there is no dispute that both JoAnna Lester and Wells Fargo are parties to this action and Lester I. While Darien Lester was not a party to Lester I, privity in the context of *res judicata* is a broad concept. See Crear v. JPMorgan Chase Bank, N.A., 491 F. Supp. 3d 207, 215 (N.D. Tex. 2020). Privity as it relates to *res judicata* "represents a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion." Id., citing Sw. Airlines Co. v. Tex. Int'l Airlines, Inc., 546 F.2d 84, 95 (5th Cir. 1977). "It is well-settled that, under certain circumstances, a judgment may bar a subsequent action by a person who was not a party to the original litigation." Meza v. General Battery Corp., 908 F.2d 1262, 1266 (5th Cir. 1990); see also Eubanks v. F.D.I.C., 977 F.2d 166, 170 (5th Cir. 1992). If the non-party's interests are adequately represented by a party to the prior action, then courts have generally concluded that there is sufficient identity between the parties to invoke the principles of *res judicata* and give preclusive effect to the prior judgment. See id. Courts are to consider whether the actual party in the prior suit is so closely aligned to the non-party's interests as to be a virtual representative. See id. at 1267.

Here, the interests at stake could not be more closely aligned. Darien Lester is JoAnna Lester's spouse. JoAnna Lester is the only borrower on the loan documents; thus, Darien Lester's claims against Wells Fargo derive exclusively from JoAnna Lester's

claims. Darien Lester only alleges that Wells Fargo's actions against JoAnna Lester caused him to suffer damages, not that Wells Fargo took any direct action against him. JoAnna Lester and Darien Lester's interests at stake are closely aligned and Darien Lester is in privity – for *res judicata* purposes – with JoAnna Lester.

The second element of *res judicata* requires that a court of competent jurisdiction rendered the prior actions' judgments. See Comer v. Murphy Oil USA, Inc., 718 F.3d 460, 467 (5th Cir. 2013). In Lester I, this Court had federal question subject matter jurisdiction arising from the assertion of violation of federal laws. See Shakir v. Fed. Nat. Mortg. Ass'n, No. 3:15-CV-00044-MPM, 2015 WL 4997151, at *5 (N.D. Miss. Aug. 20, 2015). Thus, this Court was a court of competent jurisdiction pursuant to 28 U.S.C. § 1331.

The third element of *res judicata* requires the prior actions to have been concluded by a final judgment on the merits. See Comer, 718 F.3d at 467. "Generally, a federal court's dismissal with prejudice is a final judgment on the merits for *res judicata* purposes." Stevens v. Bank of Am., N.A., 587 F. App'x 130, 133 (5th Cir. 2014) (per curiam). In Lester I, the Court ultimately held a bench trial and entered judgment in favor of Wells Fargo. See Record Document 150 in Civil Action No. 5:15-cv-02439-SMH-MLH. JoAnna Lester appealed that judgment. See Record Document 146 in Civil Action No. 5:15-cv-02439-SMH-MLH. The Fifth Circuit dismissed her appeal. See Record Document 156 in Civil Action No. 5:15-cv-02439-SMH-MLH. Therefore, there is no dispute that Lester I resulted in a final judgment on the merits.

Last, the fourth element of *res judicata* requires the same claim or cause of action to have been involved in both the present and prior actions. See Comer, 718 F.3d at 467

(citation omitted).  However, the claims asserted need not be identical—"*[r]es judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felsen, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209 (1979).  As previously stated, the Fifth Circuit applies the transactional test to determine "whether two suits involve the same claim or cause of action." United States v. Davenport, 484 F.3d 321, 326 (5th Cir. 2007).  This test considers whether "the two cases under consideration are based on 'the same nucleus of operative facts,' ... rather than the type of relief requested, substantive theories advanced, or types of rights asserted." Id.  Courts are to examine pragmatically which facts constitute a "transaction" or "series," "giving weight to ... whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Houston Pro. Towing Ass'n v. City of Houston, 812 F.3d 443, 447. "If the cases are based on the same nucleus of operative facts, the prior judgment's preclusive effect extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." Davenport, 484 F.3d at 326.

Here, the claims in Lester I, Lester II, and Lester III are based on the same nucleus of operative facts.  All the claims in each of the three lawsuits are against a mortgage lender regarding the servicing of the same mortgage.  While the instant suit includes a breach of contract claim, *res judicata* applies because all of the Lester lawsuits arise from the same nucleus of operative facts, that is, Wells Fargo's servicing of JoAnna Lester's mortgage loan.  The breach of contract claim is, in fact, based on the exact same conduct

– the alleged harassing phone calls – that comprised the TCPA claim in <u>Lester I</u>. All claims based on the alleged harassing phone calls should have been brought in <u>Lester I</u>. Because the claims raised in <u>Lester III</u> were not included in <u>Lester I</u>, they are now barred by *res judicata*.

## CONCLUSION

Based on the foregoing, Wells Fargo's Motion to Dismiss on the grounds of *res judicata* is **GRANTED** and all of the Lesters' claims against against Wells Fargo are **DISMISSED WITH PREJUDICE**.

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14th day of February, 2023.

_____
United States District Judge